Argued and submitted February 5, affirmed April 25, 1990

In the Matter of Alta Harpole,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

ALTA HARPOLE,
*Appellant.*

(8906-96299; CA A61340)

790 P2d 1196

Martin W. Reeves, Portland, argued the cause and filed the brief for appellant.

Wendy Jo Paris, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

**RIGGS, J.**

Appellant seeks review of an involuntary commitment order. She assigns error to the trial court's alleged improper postponement of her hearing and to the lack of clear and convincing evidence that she is mentally ill. ORS 426.005(2).[1] On *de novo* review, *State v. O'Neill*, 274 Or 59, 545 P2d 97 (1976), we affirm.

Appellant is a 70-year old woman who, the Mental Health Division alleged, had not bathed or changed clothes in several months and was living in grossly unsanitary conditions in a Portland hotel. On Monday, June 12, 1989, the manager and appellant's landlord notified the appropriate authorities that they believed her to be a mentally ill person, in need of treatment, care or custody. On Wednesday, June 14, a precommitment investigator interviewed her. He found that she has a history of psychiatric hospitalizations, was then receiving no mental health treatment and intended to refuse any in the future, denying that she has problems with mental illness. Her body and clothing were extremely soiled, her apartment was littered with garbage and debris, and her conversation was "tangential" with "loose associations."[2] The report concluded with a diagnostic impression of "schizophrenia, paranoid type," and recommendations that a citation for a commitment hearing and a warrant of detention be issued. Appellant was served with a copy of the investigation report on June 15, at 4 p.m., and another copy was filed with the probate department at 4:37 p.m. on the same date.

The order for a citation and the warrant of detention

---

[1] ORS 426.005(2) provides, in pertinent part:

" 'Mentally ill person' means a person who, because of a mental disorder, is one or more of the following:

"(a) Dangerous to self or others.

"(b) Unable to provide for basic personal needs and is not receiving such care as is necessary for health or safety.

"* * * * *."

We agree with the trial court that the evidence shows that appellant is unable to provide for her basic personal needs.

[2] The investigator's report also recommended that, because appellant was unable to provide for her basic needs and was not receiving such care as necessary for her health and safety, she be in the custody of Oregon State Hospital pending the commitment hearing.

were issued, and both documents stated that a hearing was to be held at 9:30 a.m. on Friday, June 16. The court also issued an order of postponement delaying the hearing until Monday morning June 19 at 9:30 a.m. Neither appellant's signature nor the name of her attorney appeared on the order of postponement. The citation, the detention warrant and the postponement order were all dated Thursday, June 15.

Appellant was picked up on Friday morning June 16 at 10:00 a.m. by the Multnomah County Sheriff's Department and taken to Oregon State Hospital, where she remained over the weekend. At the Monday, June 19 hearing, appellant's attorney moved to dismiss the case, arguing that the hearing was improperly postponed from June 16, because neither appellant nor her attorney requested the postponement. The court denied her motion and received testimony from appellant and two court-appointed examiners. The examiners concluded that appellant suffers from a mental disorder and is unable to provide for her basic needs and recommended commitment.[3] The court agreed.

Appellant argues that the court acted without authority when it postponed the date of her commitment hearing on its own motion. She contends that the postponement statute, ORS 426.095(2)(c), should be strictly construed because of the "significant liberty interests" involved.

Appellant's reliance on ORS 426.095(2)(c) is misplaced. That statute does not apply to this situation. ORS 426.950(2)(a) and (b) provide that a commitment hearing must be be held within five judicial days from the date that the court issues a citation or a warrant of detention. Subsection (c) provides for an additional five-day postponement, if it is requested by the alleged mentally ill person. Appellant's hearing was held within the statutorily prescribed five days under ORS 426.950(2)(a) and (b). Both the citation and the detention warrant were issued on Thursday, June 15, and the hearing was held on Monday, June 19.[4] ORS 426.095(2)(c) applies

---

[3] Appellant believes that there are electronic "bugs" implanted in her nose and ears and that her behavior is directed by this "master control" that prevents her from sleeping and providing basic self care.

[4] Since appellant was not picked up until 10:00 a.m. Friday morning, it was impossible for her to be at a hearing that was scheduled to begin at 9:30.

only in situations when more than five days is needed by the person sought to be committed to prepare for the hearing. Postponements within the five-day period described by ORS 426.950(2)(a) and (b) are in the discretion of the trial court. We conclude that the trial court acted within its discretion in ordering the postponement.

Affirmed.